UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>PLACERVILLE SELF STORAGE, et al.,<br><br>Defendants. | No. 2:19-cv-01418-MCE-CKD PS<br><br><br><br>ORDER |

On November 14, 2019, the undersigned issued an order to show cause why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to comply with the court's previous order and failure to prosecute this case. (ECF No. 8.) Plaintiff was given 14 days from the date of the order to file a first amended complaint in compliance with the court's October 3, 2019 order. (Id.; see also ECF No. 6.)

On December 2, 2019, plaintiff's first amended complaint was filed. (ECF No. 9.) On December 10, 2019, the court issued an order dismissing the first amended complaint and granting plaintiff leave to amend. (ECF No. 11.) On December 23, 2019, plaintiff filed a first amended complaint. (ECF No. 12.) On December 30, 2019, plaintiff filed another complaint, which the court will address as plaintiff's second amended complaint. (ECF No. 13.)

Plaintiff's second amended complaint is very similar to his original complaint and names the same defendants: Placerville Self Storage (located in Placerville, California), Steven Rawson

1

(located in Ammon, Idaho), Robert C. Bowman (located in Sacramento, California), Kassie Cardullo (located in Placerville, California), Vern Pierce (location unknown), Judge Kenneth J. Melikian (Superior Court of the County of El Dorado), and Judge Warren C. Strancener (Superior Court of the County of El Dorado).

As the basis for jurisdiction, plaintiff again claims he is suing under 42 U.S.C. § 1983 and under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (ECF No. 13 at 3.)

The first five pages of the second amended complaint are identical to the prior complaint the court previously dismissed. The court will therefore repeat its summary from its prior order:

> Although difficult to understand, it appears plaintiff complains about property he owned that was wrongfully placed in Placerville Self Storage by Steven Rawson, a landlord. (ECF No. [13] at 4.) Plaintiff claims "massive injuries" and cites what appears to be another litigation matter, Heckart v. Self Storage, Inc., as well as California state causes of action for violations of the California Consumers Legal Remedies Act (CAL. CIV. CODE § 1750), negligent misrepresentations, and civil conspiracies. (Id.) According to the complaint, an unnamed party, Rich Tyler, unlawfully gained access to plaintiff's property located in the storage unit. (Id. (citing a number of California Insurance Code sections).)
>
> In support of his *Bivens* claim(s), plaintiff alleges as follows. "The officials District Attorneys are accountable by the government civil rights violations" and a judge should be held accountable for "conclusive decisions to move forward, and intently [prosecute], and falsely hold accountable inmate #132049 John Mark Van den Heuvel, A.K.A. artisan Jean Marc Van den Heuvel to face the harsh 'FELONY' charges that would never be removed off the police records, as of today, November 25, 2019 the felony still in records." (Id. at 5.) . . .
>
> Plaintiff also complains about an unlawful detainer matter involving unnamed party Rodger Musso, an individual who apparently owned plaintiff's prior residence. (Id. at 5.)
>
> Regarding Judge Kenneth J. Melikian, plaintiff alleges that he and other judges have exercised "abusive powers, onto the unsuspecting handicapped persons placed before them in their mutual El Dorado County Courts." (Id. at 5.)

(ECF No. 11.)

Next, plaintiff appears to allege he had a stroke that led to paralysis and Placerville Self Storage eventually seized plaintiff's property. (ECF No. 13 at 7.) The remaining allegations,

2

while difficult to follow, appear to focus on plaintiff's injuries and the property he allegedly lost. (Id. at 7–9.)

As with before, plaintiff appears to be complaining about three separate incidents: (1) the taking of his personal property from a storage unit; (2) a criminal matter from May 2017; and (3) an unlawful detainer action.

The allegations in the first amended complaint are again insufficient to identify any conceivable federal claim. Plaintiff's conclusory references to Bivens, the Americans with Disabilities Act, and 42 U.S.C. § 1983 do not establish that any of his claims are federal claims.

Further, to the extent plaintiff attempts to assert diversity of citizenship as the basis for this court's jurisdiction, he again cannot establish that this suit arises under diversity of citizenship given that plaintiff pleads that he and at least one defendant are citizens of California. (See ECF No. 6 at 2–3 (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989).)

As with plaintiff's original and first amended complaints, the court finds the allegations in plaintiff's second amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the first amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which *each named defendant* engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be dismissed. The court will, however, grant leave to file a third amended complaint.

However, if plaintiff chooses to amend the complaint again, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Further, the court will repeat the legal standard regarding named defendants Judge Kenneth J. Melikian and Judge Warren C. Strancener. Plaintiff is again informed that "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199–200 (1985)). It appears plaintiff seeks monetary relief from both state court judges for actions taken within their jurisdiction—handling an unlawful detainer and/or criminal matter. Such actions are quintessential examples of judicial acts. Therefore, the defendant judges are immune from this suit, "however erroneous the act[s] may have been." Ashelman, 793 F.2d at 1075. Plaintiff's proper course of action to redress any alleged erroneous rulings by the defendant judges was to address those rulings in state court. Plaintiff is cautioned that if he attempts to bring claims against Judge Kenneth J. Melikian and Judge Warren C. Strancener, the undersigned will recommend dismissal of the judges without leave to amend.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the prior complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is again informed that unrelated claims against different defendants must be pursued in separate lawsuits. Here, plaintiff again appears to assert claims regarding three unrelated incidents and names several different defendants in the process. To the extent they are unrelated, plaintiff is again cautioned that they belong in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 13) is dismissed; and

2. Plaintiff is granted thirty (30) days from the date of service of this order to file a third amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint;" plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: January 15, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 heuvel1518.sac.lta