UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEAN MARC VAN DEN HEUVEL,

Plaintiff,

v.

PLACERVILLE SELF STORAGE, et al.,

Defendants.

No. 2:19-cv-01418-MCE-CKD PS

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed a third amended complaint. (ECF No. 15.)

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In this action, plaintiff alleges a variety of claims against a self-storage entity and three prosecuting attorneys. (ECF No. 15 at 2–3.) Many, if not all, of plaintiff's allegations are incomprehensible. For instance, plaintiff claims that "[t]he 'implied' cause of actions is the violations of freedom, as the medical stroke conditions were exasperated beyond human comprehensions." (ECF No. 15 at 4.)

Plaintiff was previously advised of the standards for stating a claim. The third amended complaint does not cure the pleading deficiencies evident in the original complaint, the first amended complaint, or the second amended complaint. Plaintiff fails to demonstrate how the conduct of each defendant resulted in a deprivation of plaintiffs' federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff has now filed four complaints in this action. Plaintiff has been advised of the standards for stating a claim. Like the prior complaints that contained only vague and conclusory allegations, the third amended complaint still fails to state a claim. At best, plaintiff's pleadings demonstrate that he suffers from a delusional belief that a public storage facility and public prosecutors have engaged in a conspiracy to steal plaintiff's property and cause plaintiff's medical problems. Plaintiff's allegations are insufficient to state a claim pursuant to section 1983. In other words, in each complaint, plaintiff has failed to allege a proper basis for

jurisdiction. The allegations are also insufficient to put defendants on notice of the basis of the claims brought against them.

Despite repeated opportunities to cure the deficiencies in his complaints, plaintiff has failed to do so. It is therefore apparent that further amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 heuvel1518.tac.dismiss